UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

T‌IFFANY P‌ATTERSON,

        Plaintiff,                                    Hon. Janet T. Neff

v.                                                Case No. 1:12-cv-00825

N‌ATIONAL R‌AILROAD P‌ASSENGER
C‌ORPORATION, d/b/a Amtrak,

        Defendant.
_____/

**REPORT AND RECOMMENDATION**

I.     INTRODUCTION

        This matter is before the court on Amtrak's Motion to Dismiss (Dkt. 64), which was invited by the undersigned on August 22, 2013. The factual history of defendant's attempts to get complete discovery responses from plaintiff is contained in Amtrak's Motion to Dismiss (Dkt. 64) and Plaintiff's Response to the Motion for Failure to Prosecute Case (Dkt. 80). Notably, after Amtrak was forced to bring several discovery motions the undersigned warned plaintiff's counsel in an order dated March 12, 2013 (Dkt. 35) and on the record at a motion hearing held March 8, 2013 that "any future failure to comply timely and thoroughly with discovery requests may result in order to show cause why this matter should not be dismissed for failure to comply with court rules and court orders."

        Upon plaintiff's continued failure to produce requested relevant documents, Amtrak filed its Motion for Order Compelling Discovery and Payment of Fees and Expenses on July 25, 2013 (Dkt.

55). On August 8, 2013, plaintiff was ordered to appear and show cause (Dkt. 59) not only why Amtrak's motion should not be granted but also "why this matter should not be dismissed pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. L.Civ.R. 41.1 for want of prosecution and failure to comply with the rules and orders of this court."

Although plaintiff appeared for the show cause hearing and her continued deposition on August 22, 2013, she did not show good cause for her failure to comply with discovery. The undersigned granted the motion to compel and took the motion for sanctions under advisement (Dkt. 63).[1] Plaintiff was once again warned that further failure to cooperate in discovery could result in dismissal of her action. Court was adjourned and plaintiff's continued deposition began. When it became clear that plaintiff had not brought the ordered documents, the undersigned went back on the record with the parties to discuss this failure. After a discussion with plaintiff and plaintiff's counsel, the undersigned invited defense counsel to file a motion to dismiss for plaintiff's failure to cooperate in discovery, want of prosecution and failure to comply with the rules and orders of this Court (Dkt. 63 and transcript of August 22, 2013 hearing, Dkt. 76).

II. DISCUSSION

Fed. R. Civ. P. 41(b) and W.D.Mich. L.Civ.R. 41.1 allow for dismissal of an action if plaintiff fails to prosecute or to comply with the rules or orders of the court. Fed. R. Civ. P. 37(b)(2)(A)(v) states that one of the sanctions for failure to obey a discovery order is dismissal of the action or proceeding in whole or in part. As the Supreme Court stated in *Link v. Wabash Railroad Co.*, 370 U.S. 626, 629 (1962), "[t]he authority of a federal trial court to dismiss a plaintiff's action

---

[1] After review of the affidavit of Amtrak's counsel's costs associated with the motion (Dkt. 72) and plaintiff's response to the affidavit (Dkt. 79), the court granted sanctions in the amount of $3341.50 (Dkt. 83). Plaintiff has not paid any amount of the ordered sanctions.

with prejudice because of his failure to prosecute cannot seriously be doubted." The Sixth Circuit Court of Appeals applies a four factor analysis for assessing dismissal orders under Fed. R. Civ. P. 37(b) (2)(A)(v) and Fed. R. Civ. P. 41(b):

> (1) Whether the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault; (2) whether the adversary was prejudiced by the dismissed party's failure to cooperate in discovery; (3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and (4) whether less drastic sanctions were imposed or considered before dismissal was ordered.

*Harmon v. CSX Transportation*, 110 F.3d 364, 366-67 (6th Cir. 1997), *cert. denied*, 522 U.S. 868 (1997), *citing Regional Refuse Systems, Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 153-55 (6th Cir. 1988), *superseded by statute on other grounds; Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999).

### A. Willfulness, Bad Faith, or Fault

Although the undersigned does not believe plaintiff initiated this action intending willfulness or bad faith, after a certain number of chances even an inability or passive refusal to cooperate in discovery and comply with this Court's orders cannot be considered anything but fault.

### B. Prejudice to Defendant

In addition to having to spend time and money attempting to resolve discovery disputes with plaintiff, preparing and filing various motions to compel, and appearing multiple times in court, discovery has closed in this matter and defendant has not been able to complete plaintiff's deposition because of plaintiff's failure to produce documents. Amtrak is prejudiced because it cannot defend itself without the relevant information.

C. Warnings to Plaintiff

As discussed above, plaintiff was warned on more than one occasion on the record and in written orders that failure to cooperate in discovery could result in dismissal of her action.

D. Consideration of Less Drastic Sanctions

Plaintiff was warned that she needed to comply with the court's orders regarding discovery (Dkt. 35). She did not comply. Plaintiff was ordered to show cause for her failure to comply (Dkt. 59). She did not show good cause. Plaintiff was required to appear for deposition in the undersigned's courtroom and to bring with her to the deposition all documents requested in her deposition notice (Dkt. 49). Although she did appear for her continued deposition, she did not bring all of the documents ordered. Plaintiff was ordered to pay monetary sanctions (Dkt. 83). She has not. The undersigned concludes, with some reluctance, that dismissal under Fed. R. Civ. P. 41(b), W.D.Mich. L.Civ.R. 41.1, and Fed. R. Civ. P. 37(b) (2)(A)(v) has become almost unavoidable.

III. CONCLUSION

As such, the undersigned hereby recommends that Amtrak's Motion to Dismiss (Dkt. 64) be GRANTED and this matter be dismissed with prejudice pursuant to Fed. R. Civ. P. 41(b) and W.D.Mich. L.Civ.R. 41.1 for want of prosecution and failure to comply with the rules and orders of this court and Fed. R. Civ. P. 37(b) (2)(A)(v) for failure to obey discovery orders. Timely objections to this Report and Recommendation shall be considered plaintiff's final opportunity to show cause why this matter should not be dismissed. The undersigned further recommends that the

order requiring that plaintiff pay sanctions in the amount of $3341.50 (Dkt. 83) be rescinded if the case is dismissed.

                                                Respectfully submitted,

Date: November 25, 2013                        /s/ Ellen S. Carmody
                                                ELLEN S. CARMODY
                                                United States Magistrate Judge

      OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *Thomas v. Arn*, 474 U.S. 140, 155 (1985); *United States v. Walters*, 638 F.2d 947, 949-50 (6th Cir. 1981).